

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 31, 1966

Mr. Will E. Odom
Chairman, Parks and
 Wildlife Commission
John H. Reagan Bldg.
Austin, Texas

Opinion No. C-748

Re: Whether the administration
of the Lyndon B. Johnson
State Park Fund is an
operation of the Parks
and Wildlife Commission
and related questions.

Dear Mr. Odom:

You have requested this office for an opinion
concerning whether the administration of the Lyndon B.
Johnson State Park Fund is a function and operation of
the Parks and Wildlife Commission, and whether the adminis-
trators of such fund have acted properly in refusing to
make public the names of donors to this fund and the
amounts of such donations when the donor has requested
that this information not be made public.

Article 978f-3a, Vernon's Penal Code, consoli-
dated the Game and Fish Commission and the State Parks
Board into one department to be known as the Parks and
Wildlife Department and the policy direction of such
department was vested in the Parks and Wildlife Commission.
Article 978f-3a further provided that all of the powers,
duties and authority previously vested in the State Parks
Board and the Game and Fish Commission should be transferred
to the Parks and Wildlife Department.

Section 5 of Article 978f-3a, provides in part
that:

". . .that portion of the program admin-
istered by the Parks and Wildlife Department
which deals with the operation, maintenance,
and improvement of State Parks shall be fi-
nanced from the General Revenue Fund, the
State Parks Fund, other funds as may be
authorized by law, and such donations,
grants, and gifts as may be received by
said Department. . . ." (Emphasis added)

Article 6068, Vernon's Civil Statutes, which here-

-3600-

tofore dealt with the activities of the State Parks Board and which is now applicable to the Parks and Wildlife Commission, provides in part that:

> "The said Board <u>shall solicit donations</u> to the State of tracts of land, large or small, to be used by the State for the purpose of public parks and/or recreational areas, and said Board <u>is hereby authorized to accept in behalf of the State the title to any such tract or tracts of land. . . .</u>" (Emphasis added)

Article 6069, Vernon's Civil Statutes, which heretofore dealt with the activities of the State Parks Board and which is now applicable to the Parks and Wildlife Commission, provides in part that:

> "Said Board shall make investigations of any tract or tracts of land, of any size whatsoever, in the State with a view of determining whether the same is suitable for public park purposes, and, the terms on which it can be acquired. . . . The purpose of this law is to initiate a movement looking to the establishment eventually of a system of State Parks for the benefit of the people, <u>secured either by donations or purchase,</u> or established on any land owned by the State available for such purpose. . . ." (Emphasis added)

The foregoing statutes clearly reveal that one of the functions of the Parks and Wildlife Commission and the Parks and Wildlife Department is to encourage private interests to contribute to the development of the State Parks System by donations of land to the State of Texas to be used for parks and recreational purposes. The foregoing statutes, while encouraging such activities on the part of the Parks and Wildlife Commission and the Parks and Wildlife Department, do not specify any particular manner in which these activities will be carried out.

In your letter requesting this opinion, you have made available to us a copy of the Constitution of the Lyndon B. Johnson State Park Fund. The following are excerpts from the Constitution of the Lyndon B. Johnson State Park Fund:

"....

"The Fund is created and shall be operated exclusively for charitable purposes. In furtherance of such purposes it shall be the specific object of the Fund to establish and maintain, in cooperation with the County of Gillespie, Texas, a state park for the State of Texas to be known as the 'Lyndon B. Johnson State Park.'

"....

"The administrators of this Fund shall be empowered to solicit funds, acquire property and conduct such other ancillary activities as are necessary and incidental to its purpose.

"Upon receipt of sufficient moneys to purchase land and make the necessary improvements, the park will be deeded to the State of Texas, and this Fund will terminate its existence.

"....

"Upon termination or dissolution all remaining assets of the Fund will be distributed to the Parks and Wildlife Department of the State of Texas for exclusively public purposes." (Emphasis added)

You have also stated in your letter requesting this opinion that:

"...the Parks and Wildlife Department has nothing to do with the receiving of contributions to the fund or the administration of the fund in any manner whatsoever.

"The contributions are made to Will E. Odom, Trustee, Lyndon B. Johnson State Park Fund, and the act is one of an individual in a fiduciary capacity, receiving donations and in turn purchasing land from the funds so donated.

"The lands are then conveyed, without cost, to the State of Texas, Parks and Wildlife Department in perpetuity for use as a park. . . .

"The only connection the members of the Parks and Wildlife Commission have is in setting up the trusteeship. . . .

"Many contributions have been made to the fund with the understanding that the name of the contributor and the amount of the contribution would not be divulged to the public. The reason for this, of course, is personal to the individual contributor. I have felt that the request of any donor for such anonymity was reasonable and a privilege that should be accorded.

". . . ." (Emphasis added)

In view of the foregoing, we are of the opinion that it is obvious that the "Lyndon B. Johnson State Park Fund" is not an operation or activity of the Parks and Wildlife Department or the Parks and Wildlife Commission, but is merely the means being used by private interests to obtain donations of funds to purchase property which will ultimately be deeded to the State of Texas for the creation of a State park to be known as the "Lyndon B. Johnson State Park." Under the present arrangement, we are of the further opinion that the Parks and Wildlife Commission and the Parks and Wildlife Department will have no interest in the activities of the Lyndon B. Johnson State Park Fund until such time as the property to be used for such parks purposes is deeded to the State of Texas. The fact that members of the Parks and Wildlife Commission are serving as administrators of the Lyndon B. Johnson State Park Fund is immaterial as the information made available to us reveals that they are serving in such capacity in their individual rather than governmental capacity.

As the Lyndon B. Johnson State Park Fund is an activity of private interests rather than of the Parks and Wildlife Commission and the Parks and Wildlife Department, it is within the discretion of the administrators of such fund to determine whether the names of donors and the amounts of their contributions will be made public.

## S U M M A R Y

The administration of the Lyndon B. Johnson State Park Fund, under the facts disclosed, is

not an operation of the Parks and Wildlife Commission or the Parks and Wildlife Department. As the administration of the Lyndon B. Johnson State Park Fund is an operation of private interests rather than an operation of the Parks and Wildlife Commission or the Parks and Wildlife Department, the disclosure of the names of donors to such fund or the amounts of their contributions is a matter for the discretion of the administrators of such fund.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey
Pat Bailey
Assistant

PB:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

John Banks
J. C. Davis
Wade Anderson
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright